# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1227
_____

United States of America

*Plaintiff - Appellee*

v.

Keith William Overbey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 17, 2012
Filed: October 12, 2012

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

Keith William Overbey was convicted of aiding and abetting the use, carrying, and brandishing of a firearm in furtherance of an armed bank robbery, in violation of 18 U.S.C. §§ 2 and 924(c)(1), and being a felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1). In sentencing Overbey, the district court[1] varied upward from the advisory United States Sentencing Guidelines (Guidelines) range to 240 months imprisonment. Overbey appeals his sentence as procedurally and substantively unreasonable. We affirm.

## I.    BACKGROUND

On December 14, 2010, Teresa Aguilera robbed Peoples Bank of Altenburg, Missouri, using a rifle to threaten bank employees. Overbey, Aguilera's brother, helped plan the robbery, drove the getaway car, and supplied Aguilera with the rifle and other items Aguilera used during the robbery. After the robbery, Overbey gave the rifle to his son, Keith Ryan Overbey (Ryan), with instructions to throw the rifle in the river.

On September 27, 2011, a federal grand jury charged Overbey with (1) aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d) (Count I); (2) aiding and abetting the use, carrying, and brandishing of a firearm during a bank robbery (Count II); and (3) being a felon in possession of a firearm (Count IV). At Overbey's trial, Ryan testified Overbey admitted his role in the robbery and told Ryan to dispose of the rifle. Overbey's ex-girlfriend, Ida Mangrum, reported Overbey called her shortly before his trial and asked her to tell Ryan not to testify. The jury found Overbey guilty of Counts II and IV and not guilty of Count I. The district court accepted the guilty verdict on Count IV and rejected the verdicts on Counts I and II as inconsistent, instructing the jurors to continue deliberating. After the jury indicated it could not agree on Counts I and II, the district court declared a mistrial on those counts. On November 29, 2011, pursuant to a plea agreement, Overbey pled guilty to Count II in exchange for dismissing Count I.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

The presence investigation report (PSR) calculated a total offense level of twenty-four, which included an enhancement for obstruction of justice based on Overbey's attempt to dissuade Ryan from testifying, and a criminal history category of IV. This calculation resulted in a Guidelines range of 77 to 96 months on Count IV and a consecutive Guidelines sentence of 84 months (the statutory mandatory minimum) on Count II, for a total range of 161 to 180 months imprisonment.

The district court adopted, without objection from either party, the PSR's factual findings and Guidelines calculation and then varied upward to a sentence of 240 months imprisonment. The district court found the Guidelines calculation understated Overbey's criminal history because the calculation did not include several convictions and because Overbey had "been in and out of prison all of [his] adult life." The court explained Overbey "seem[ed] to be incorrigible" and had "shown no remorse." The district court also expressed concern with Overbey's conduct toward his son and sister, noting Ryan "had tears coming down his face because he had to testify against his father because his father wouldn't man up and admit that he was guilty" and his sister "was terribly emotional and crying." The district court added, "Overbey's attempt to . . . get them not to testify" was "downright rotten." The district court stated it had considered all of the 18 U.S.C. § 3553(a) sentencing factors,

> in particular the nature and circumstances of the offense[,] . . . [Overbey's] criminal history and [his] lack of remorse, . . . the seriousness of the offense, the need to promote respect for the law and to provide just punishment in this case, also to afford adequate deterrence to [Overbey's] criminal conduct and to protect the public from further criminal activity which [Overbey had] given no indication that will dissipate in any respect.

The district court also expressed concern for "the sentencing objectives of just punishment and general deterrence and incapacitation."

Overbey appeals his sentence, asserting procedural error (inadequate explanation) and substantive unreasonableness.

## II.    DISCUSSION

In reviewing Overbey's sentence, we first "ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). If the district court did not commit any procedural error, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. "We review the district court's factual determinations at sentencing for clear error and its application of the Guidelines de novo." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012).

### A.    Procedure

Overbey claims the district court committed procedural error by failing to explain his sentence adequately. See Gall, 552 U.S. at 51 (stating procedural error includes "failing to adequately explain the chosen sentence"). Because Overbey did not object at sentencing to the district court's explanation, we review Overbey's claim for plain error. See United States v. Molnar, 590 F.3d 912, 914 (8th Cir. 2010).

"In explaining the sentence the district court need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). Here, the district court stated it considered the 18 U.S.C. § 3553(a) factors, discussing several in detail. The district court did not commit any procedural error, plain or otherwise.

**B.     Substantive Reasonableness**

Overbey also contends his sentence is substantively unreasonable because (1) the district court's statement that Overbey had been "in and out of prison all of [his] adult life" was inaccurate and inappropriate; (2) Overbey's prior convictions excluded from the Guidelines calculation did not justify the variance; and (3) the district court should not have varied upward to such an extent based on Overbey's conduct toward his son Ryan because the Guidelines already accounted for that conduct through the obstruction of justice enhancement.

Overbey has an extensive criminal history. Between 1987, when Overbey was eighteen years old, and the instant offenses, Overbey had been convicted of sixteen different crimes. Eleven of these offenses, including five felonies, did not count toward Overbey's Guidelines calculation. Overbey served some short periods in jail, received suspended sentences, and was placed on probation numerous times. The district court did not clearly err in finding Overbey's Guidelines calculation understated his criminal history and he had been "in and out of prison all of [his] adult life." The district court did not abuse its discretion in varying upward on either ground. See United States v. Barrett, 552 F.3d 724, 726 (8th Cir. 2009) ("Section 3553(a) allows courts to vary upward based on an underrepresented criminal history or recidivism.").

Nor did the district court abuse its discretion in basing the variance, in part, on Overbey's conduct toward his son. "'[W]e previously have allowed variances based on factors already taken into account by the advisory [G]uidelines,' where the Guidelines do not fully account for those factors, or 'when a district court applies broader § 3553(a) considerations in granting the variance.'" United States v. Richart, 662 F.3d 1037, 1052 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 914 (8th Cir. 2007)). Overbey instructed Ryan to dispose of the rifle used in the robbery and pressured Ryan not to testify. The district court based the variance on "broader § 3553(a) considerations," id., including "the nature and circumstances of

the offense," Overbey's criminal history, his lack of remorse, "the seriousness of the offense, the need to promote respect for the law and to provide just punishment in this case," and to deter and "protect the public from further criminal activity which [Overbey had] given no indication that will dissipate in any respect." The district court did not abuse its considerable discretion in varying upward to 240 months imprisonment.

## III.   CONCLUSION

Because we conclude the district court did not err or abuse its discretion in sentencing Overbey to 240 months imprisonment, we affirm.

_____