# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1019

_____

United States of America

*Plaintiff - Appellee*

v.

Jamarlo Laqueze Scales, also known as Jamarlo L. Scales

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 23, 2013
Filed: November 20, 2013

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

Jamarlo Scales pled guilty to possessing with intent to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), (C), and (D), and possessing a firearm in furtherance of drug trafficking, in violation of

18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced Scales to three concurrent prison terms of 120 months on the drug counts and one consecutive prison term of 60 months on the firearm count. On appeal, Scales challenges his sentence on a variety of grounds. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

On December 19, 2011, law enforcement officers arrived at a second-floor apartment responding to a complaint of marijuana odor. Officers detected the marijuana odor. After no one responded to the officers' attempts to make contact, they obtained and executed a search warrant for the apartment. While some officers attempted to enter the apartment, other officers at the rear of the apartment observed two men on the balcony. A third man, later identified as Scales, jumped out of a window and fled, carrying a duffel bag. The officers gave chase. In the chase, Scales threw the duffel bag at the officers. Ultimately, Scales was apprehended.

Retrieving the duffel bag, the officers found cocaine base, cocaine, and $76,600 inside the bag. In the apartment, which was not rented to Scales, officers found marijuana and an unloaded Smith & Wesson .357 revolver, among other items. Scales consented to a search of his vehicle, where the officers found more marijuana and cocaine base.

A grand jury returned a superseding indictment charging Scales with three counts of drug trafficking charges and two counts of associated firearm charges, along with a notice of forfeiture. The government filed a motion for preliminary forfeiture of property, which the district court granted on August 24, 2012. Scales pled guilty to the three drug trafficking charges and the first of the two firearm charges, without a written plea agreement.

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

The district court held a sentencing hearing on December 20, 2012. Based on a stipulation between Scales and the government, the district court found Scales' United States Sentencing Guidelines (Guidelines) adjusted base offense level to be 25. The district court also found Scales' criminal history category to be VI. As to the three drug counts, the district court first declared a mandatory minimum of 120 months applied, but after the government explained its charging agreement, the district court stated the advisory Guidelines range was 110 to 137 months, with a mandatory consecutive sentence of 60 months for the firearm charge. Scales objected to the district court's calculation of the advisory Guidelines range, arguing the criminal history category should have been V, which would have produced a Guidelines range of 100 to 125 months.

Noting it had considered "all of the factors" dictated by 18 U.S.C. § 3553(a), the district court sentenced Scales to 120 months imprisonment on each of the three drug counts, to run concurrently—noting that this sentence was within the advisory Guidelines range calculated by the defendant—and 60 months consecutive imprisonment on the firearm charge. The district court dismissed the second firearm count. No mention was made of the forfeiture at the sentencing hearing.

That same day, the district court entered judgment in Scales' case with no forfeiture of property. Thirteen days later, on January 2, 2013, upon the government's motion, the district court entered an amended judgment stating Scales shall forfeit "[a]pproximately $76,600.00 in U.S. Currency seized on or about December 19, 2011, as further outlined in the preliminary motion for forfeiture filed on August 24, 2012." On January 10, 2013, the district court entered a final order of forfeiture.

## II.  DISCUSSION
### A.  Standard of Review
Where an appellant objects at the district court level to a district court's procedure in imposing a sentence, "[r]egardless of whether the sentence imposed is

inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). "'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall, 552 U.S. at 51). Assuming there is no procedural error, "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Gall, 552 U.S. at 51. "Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." United States v. Deegan, 605 F.3d 625, 634 (8th Cir. 2010).

## B.  Constitutional Challenge to Sentencing Guidelines

Scales, through counsel, advances a borrowed argument[2] that the judiciary's continued use of the Guidelines violates the doctrine of separation of powers and damages the integrity of the judiciary. The Supreme Court has thoroughly examined and rejected Scales' argument. See Mistretta v. United States, 488 U.S. 361, 412 (1989). The district court in this case, in accordance with settled precedent, began "by correctly calculating the applicable Guidelines range." Gall, 552 U.S. at 49 (citing Rita v. United States, 551 U.S. 338, 351 (2007)). We detect no error, constitutional or otherwise.

---

[2]Scales' counsel acknowledges, "Portions of this argument were authored by [another attorney who is not representing Scales] and submitted in other actions before this Court. Those portions are printed here with the author's permission."

### C.    Presumption of Reasonableness

Through counsel, Scales also contends the district court procedurally erred by (1) failing to make an independent § 3553(a) determination of the appropriate sentence for Scales (indulging in what Scales' counsel terms "guidelinitis"), and (2) not adequately explaining Scales' sentence of imprisonment. Scales argues the district court, "[w]ithout saying so," impermissibly presumed the Guidelines range was reasonable.

We disagree.  Our thorough review of the sentencing transcript reveals the district court followed the correct procedure by first determining the applicable advisory Guidelines range, considering the § 3553(a) factors in conjunction with Scales' particular situation, and providing an individualized explanation of how "the guideline sentencing system adequately addresses the circumstances of this case and that a sentence of the mid range based upon the criminal history is entirely supported and appropriate in this case."  In addition, the district court explicitly addressed and rejected Scales' proffered Guidelines range.  We need not guess what the district court would have done in the event the advisory Guidelines range was as Scales suggests.  The district court made it clear the sentence was "essentially in the middle of either one of those ranges, so it ends up being a not terribly significant consequence."  The district court did not abuse its discretion by sentencing Scales within the Guidelines range to serve a total of 120 months in prison on the three drug counts.

### D.    Pro Se Brief

Although "[i]t is Eighth Circuit policy not to consider pro se filings when the appellant is represented by counsel," United States v. Montgomery, 701 F.3d 1218, 1220 n.2 (8th Cir. 2012) (internal quotation omitted), in response to Scales' pro se motion for appointment of new attorney, we granted Scales permission to file a pro se brief setting out the issues he believes should have been raised in the brief filed by

his appointed attorney.  Renitently, we will consider the five issues raised by Scales in his pro se brief. See United States v. Benson, 686 F.3d 498, 505 (8th Cir. 2012).

Scales first challenges the integrity of the superseding indictment, contending there is no factual basis in support of count four, possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A). Scales did not preserve this contention below, so we review only for plain error.  See United States v. Espinoza Bravo, 624 F.3d 921, 924 (8th Cir. 2010) (per curiam).  Scales quotes Bailey v. United States, 516 U.S. 137 (1995), in an effort to cast aspersion on the sufficiency of the indictment, stating that *use* of a firearm is required, not mere possession. But the statute was amended by Congress in direct response to Bailey: "Congress' 1998 reformulation of § 924(c) . . . responded primarily to [the Supreme Court's] decision in Bailey[].  In proscribing 'use' of a firearm, Bailey held, § 924(c)(1) did not reach 'mere possession' of the weapon. Congress legislated a different result; in the 1998 revision, . . . the Legislature brought possession within the statute's compass."  Abbott v. United States, 562 U.S. ___, ___, 131 S. Ct. 18, 25 (2010) (quoting Bailey, 516 U.S. at 144). Under any standard of review, Scales' argument is without merit.

Second, Scales maintains the firearm found in the apartment on the day of his arrest was not his, arguing he did not live in the apartment, no fingerprints were found on the firearm, the firearm was unloaded, no ammunition was found in the apartment, and no witness associated Scales with that particular firearm.  He concludes no factual basis exists for the guilty plea. The facts set out in the presentence investigation report (PSR) regarding the firearm count, which the district court accepted "as factual findings for our purposes" at the sentencing hearing, are as follows: the apartment was rented to another individual; "[law enforcement officers] located . . . an unloaded Smith [&] Wesson .357 Revolver in a diaper bag"; and several witnesses testified to their observations of Scales buying, possessing, and using a firearm in furtherance of drug trafficking. Reviewing for plain error, this court

concludes the district court properly determined "a factual basis for the plea" of guilty existed before entry of judgment. Fed. R. Crim. P. 11(b)(3).

Third, we reject Scales' renewal of his counsel's objection to the PSR's criminal history calculation. We see no basis for concluding the district court erred in finding the PSR correctly represented Scales' criminal history. Because the district court acknowledged Scales' proposed calculation, rejected it, yet noted the assessed sentence was within Scales' suggested range and would "not [make a] terribly significant consequence" under Scales' calculated range, Scales is not harmed in any event.

Fourth, we reject Scales' argument that the district court erred by entering the amended judgment, without his presence, to include forfeiture of the $76,600 found in the duffel bag. Scales states the district court was "without authority" to issue the amended judgment because Federal Rules of Criminal Procedure 32.2 and 43 required the "additional penalty" of forfeiture be imposed at a sentencing hearing. We addressed a similar situation in United States v. Hatcher, 323 F.3d 666 (8th Cir. 2003). There, after having issued a preliminary order of forfeiture, "the judge formally announced [the defendant's] sentence without mentioning the forfeiture order. The formal sentence was committed to writing . . . , again with no mention of the forfeiture." Id. at 673. We concluded, "In light of the Court's earlier entry of a preliminary forfeiture order, however, . . . the omission did constitute a clerical error[, and] the District Court retained jurisdiction to correct it. We thus find no error in the District Court's entry of the forfeiture order." Id. at 673-74; see also Fed. R. Crim. P. 32.2(b)(4)(B); cf. United States v. Shakur, 691 F.3d 979, 987, 989 (8th Cir. 2012) (reaching a different result when no preliminary order of forfeiture had been issued by the district court).

In this case a preliminary order of forfeiture was entered. Scales was advised of the forfeiture at his change of plea hearing and even was put on notice earlier with

the notice of forfeiture in the superseding indictment. Although there is no evidence of a stipulation between Scales and the government as to the forfeiture, at no point in any of the proceedings did Scales object to the notice of forfeiture in the superseding indictment or the preliminary forfeiture order, nor did he ever attempt to offer evidence that the $76,600 in cash found in the duffel bag discarded by him was not the proceeds of illegal drug trafficking. We find no error in the district court's clerical amendment of Scales' judgment to add the forfeiture. See Fed. R. Crim. P. 32.2(b)(4)(B), 36.

Finally, we will not reverse based on Scales' assertion that the district court erred by exceeding the maximum penalty for count three, possession with the intent to distribute a mixture and substance containing marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). The maximum statutory penalty on this count was five years, and the district court sentenced Scales to 120 months (i.e., ten years). Because Scales did not preserve this issue below, we again review for plain error. See United States v. Troyer, 677 F.3d 356, 358 (8th Cir. 2012). We agree with Scales' reading of the statute, and note the PSR also states, that the maximum term of imprisonment on count three is five years. Because the sentences on counts one and two, both 120 months, are authorized and run concurrently with count three, this sentencing error on count three does not change Scales' sentence. See United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc). The error both is harmless under Fed. R. Crim. P. 52(a) and is not such an error for which we exercise our plain error discretion under Fed. R. Crim. P. 52(b) because the error does not affect Scales' substantial rights. See United States v. Marcus, 560 U.S. ___, ___, 130 S. Ct. 2159, 2164 (2010).

## III.  CONCLUSION
We affirm.

―――――――――――――――――――