# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2646
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Leonard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2015
Filed: May 7, 2015
[Published]

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Michael Leonard pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court[1] sentenced Leonard to 240 months' imprisonment. Leonard appeals his sentence. Having jurisdiction to consider this appeal under 28 U.S.C. § 1291, we affirm.

## I. Background

Leonard started drinking and using drugs as a teenager and has eight prior convictions related to drugs and alcohol. In March of 2002, when he was 26 years old, Leonard was in a car accident while driving drunk. In May of 2003, he was again in a car accident while driving drunk. Leonard contends he sustained a traumatic brain injury from these accidents, though he has never received treatment for such an injury. Leonard continued to abuse drugs and alcohol after his accidents.

In 2006, after both car accidents, Leonard began downloading child pornography and engaging in sexual contact with children. He admitted to molesting and raping a 13-year-old girl; and he allegedly molested another girl for approximately four years, beginning when she was 9 or 10 years old. At the time of Leonard's federal sentencing on the pornography offense, a charge was pending against him for allegedly molesting a 4-year-old boy.

In June of 2013, Leonard was indicted for receiving child pornography. He pleaded guilty, and at sentencing the district court determined Leonard's total offense level was 38 and his criminal history category was III. His advisory Guidelines range was 292 to 365 months, but the statutory maximum sentence for his offense was 240 months pursuant to 18 U.S.C. § 2252A(b), which resulted in a Guideline sentence of 240 months. See USSG § 5G1.1(a). Leonard asked for a variance, but the court

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

denied the request and sentenced Leonard to the statutory maximum 240 months' imprisonment. At sentencing, the district court reasoned as follows:

> The gravity of the offense—offenses—child pornography being the focus, but the other issues in the case, speak for themselves. The history and characteristics of the defendant cuts both ways because we don't have an isolated event. The seriousness of the offense. Promote respect for the law, which somewhere along the line didn't set in even once the investigation started. Provide just punishment in and of itself. Afford deterrence. And protect the public, along with the things that can be done to help Mr. Leonard.
>
> . . .
>
> When I evaluate the totality of the circumstances with the focus on respecting the law and protecting the public and deterrence and the repeated nature of the conduct, it is my finding that a sentence of 240 months satisfies the statutory purposes of sentencing.

Leonard then lodged "a procedural objection to the sentence imposed," asserting that the court "did not take into account Mr. Leonard's history and characteristics, specifically his drug and alcohol problem, the head injuries, [and] the fact that all of these events happened after the head injuries . . . ." Following Leonard's objection, the district court stated as follows:

> I appreciate the observation. And if the record isn't clear, I did consider, read fully, and appreciated the color photographs and all the materials that were put together, diagrams that explain the situation, but we obviously disagree on the balance of the interests and protecting the public and the seriousness of the offense; that the totality of the circumstances, I think, justify the sentence that was imposed today for all the reasons I previously stated, but it was not without considering and due regard to the arguments made by able counsel in this case.
>
> So sentence will be imposed as stated.

-3-

## II. Discussion

### A. Procedural Error

"Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Scales, 735 F.3d 1048, 1051–52 (8th Cir. 2013) (quotation omitted). Leonard asserts on appeal that the district court procedurally erred when it failed to adequately explain the sentence imposed. "Where an appellant objects at the district court level to a district court's procedure in imposing a sentence, regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Id. at 1051 (quotation omitted).

First, Leonard contends the district court failed to explain why the evidence presented concerning his brain injuries was not sufficient to warrant a downward variance. When Leonard objected at sentencing, asserting the district court had not taken into account his "history and characteristics," including his brain injuries, the district court expressly stated that it had indeed considered these factors. The district court explained that it had "read fully" the materials Leonard submitted and, despite "the arguments made by able counsel," disagreed with Leonard on how much weight such factors should receive and the appropriate sentence to be imposed. Such explanation is sufficient, and the district court did not commit procedural error.

Next, Leonard argues the district court failed to explain why the following Guidelines-related arguments were not sufficient to warrant a downward variance: a within-Guidelines sentence gave Leonard no benefit for acceptance of responsibility; a within-Guidelines sentence resulted in sentencing disparity because

the specific offense characteristics in child pornography guideline provisions are no longer "specific" when, as a practical matter, they apply in nearly all such cases; and Guideline § 2G2.2 deserves less deference than other guideline provisions. Leonard did not lodge this objection at sentencing, so our review is for plain error. See United States v. Overbey 696 F.3d 702, 705 (8th Cir. 2012).

A district court "need not specifically respond to every argument made by the defendant . . . ." United States v. French, 719 F.3d 1002, 1007 (8th Cir. 2013) (quotation omitted); see also United States v. Dace, 660 F.3d 1011, 1014 (8th Cir. 2011) ("District courts generally have discretion to decide whether to respond to every argument."). In this case, the district court read the sentencing memoranda submitted by the parties and heard argument at the hearing on their respective positions. When explaining the sentence, the court referred to the gravity of Leonard's offense and related conduct, the repeated nature of Leonard's unlawful behavior, and Leonard's personal history and characteristics, which "cut[] both ways." The district court noted that "respect for the law . . . didn't set in even once the investigation [of Leonard] started." The district court also adopted the unobjected-to Guidelines calculation in the PSR. The district court properly took the § 3553(a) factors into consideration; it was also "justified in relying on 'the Commission's own reasoning that a Guidelines sentence is a proper sentence.'" Dace, 660 F.3d at 1014 (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). The district court adequately explained the chosen sentence in this case.

## B. Substantive Reasonableness

Leonard also challenges his sentence as substantively unreasonable and contends the district court improperly weighed the § 3553(a) factors by placing too much weight on aggravating factors and not adequately considering arguments in mitigation. "We review a challenge to the substantive reasonableness of a sentence

for an abuse of discretion." United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009).

"A sentencing court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (quotation omitted). "A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011). Additionally, "when the bottom of the guidelines range is above the statutory maximum, the statutory maximum sentence is presumed reasonable." United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006).

Based on the record below, the district court properly considered the § 3553(a) factors in sentencing Leonard. The district court need not thoroughly discuss every § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence. Farmer, 647 F.3d at 1178–79. Leonard argues the district court abused its discretion by giving weight only to aggravating factors and not to any mitigating factors. As we have concluded, however, the district court expressly addressed Leonard's mitigating factors, in particular that his brain injuries may have played a role in his unlawful behavior. The district court has wide discretion when determining an appropriate sentence, and it did not abuse that discretion when imposing the sentence in this case.

### III. Conclusion

For the reasons above, we affirm Leonard's sentence.

_____