# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1982

_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Dimitri Brooks, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 6, 2017
Filed: March 27, 2017
[Unpublished]

_____

Before BENTON, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Ryan D. Brooks, Sr. pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

---

[1] The Honorable Patrick J. Schiltz, United States District Court for the District of Minnesota.

sentenced him to 95 months' imprisonment. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Based on suspicions of drug trafficking, police executed search warrants on four addresses associated with Brooks and his family. At his house, they found a 9 mm pistol. At his mother's house, they found two handguns. Two of the three guns had his DNA and fingerprints. Brooks pled guilty to being a felon in possession of a firearm. The guidelines range was 110 to 120 months. The government sought 110 months. Brooks moved for a downward variance, seeking 70 months. The district court varied downward, sentencing him to 95 months. Brooks attacks the sentence as unreasonable.

This court reviews "the substantive reasonableness of a sentence for abuse of discretion." *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016).

> An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received significant weight; 2) a court gives significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011). Where "a sentence imposed is within the advisory guideline range, [this court] typically accord[s] it a presumption of reasonableness." *United States v. Scales*, 735 F.3d 1048, 1052 (8th Cir. 2013), *quoting United States v. Deegan*, 605 F.3d 625, 634 (8th Cir. 2010). When a court varies downward, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009). The defendant bears the burden "to show his sentence should have been lower." *United States v. Bolden*, 596 F.3d 976, 984 (8th Cir. 2010).

The district court did not abuse its discretion in varying downward by 15, rather than 40, months. As Brooks notes, the court considered his medical condition, previous sentences, acceptance of responsibility, and "proven devotion to his children:"

> I have decided to give Mr. Brooks a somewhat modest downward variance for a few reasons. First, Mr. Brooks has never spent more than a year in jail; the sentence that I have imposed is almost 10 times longer than his longest previous sentence. Second, Mr. Brooks suffers from a serious medical problem. Prison will be more difficult for him than for a typical inmate. Third, Mr. Brooks has never made excuses for his conduct, and I was impressed by his letter to me. I don't know if he'll be successful in turning his life around, but I think he does mean to try. And, finally, I was struck by Mr. Brooks's devotion to his children. Every defendant tells me how much he loves his children, but Mr. Brooks has proven his devotion to his children through the care that he has provided to those children on a day-to-day basis. He has been a far better father to his children than his father was to him.

However, the court also considered the seriousness of Brooks's crime, his "long and violent criminal record," and the failure of past punishment to change his behavior:

> Mr. Brooks committed a serious crime. He was involved in trafficking large amounts of marijuana and, in connection with his drug dealing, he possessed two firearms. He did so even though he is a felon, even though he has a violent temper, and even though he has been in trouble with guns in the past.

> Mr. Brooks also has a long and violent criminal record. By my count, this is the 30th time that he has been convicted of a crime, which is rather remarkable, given that he is only 33 years old. Four of those prior convictions were for felonies—for possessing a gun without a permit in 2005, for transporting over 100 pounds of marijuana in 2006, for getting involved in a shoot-out in 2007, and for violently assaulting the

-3-

pregnant mother of his child in 2009. And although none of the 26 misdemeanors is serious in and of itself, together they suggest that Mr. Brooks does not believe that the rules that everyone else must follow apply to him. Further evidence of this is found in Mr. Brooks's many probation violations, as well as in the multiple encounters he has had with the criminal justice system that did not result in convictions.

Mr. Brooks has had numerous wake-up calls in the past. On many occasions, he has been put in jail or put on some sort of supervision. He was, in fact, on probation at the time he was committing the crime for which he is now being sentenced. None of this had any impact on him. Instead, he continued with his involvement with guns, and drugs, and violence.

The court concluded it could not "justify a lower sentence . . . in light of Mr. Brooks's long involvement with guns, and drugs, and violence" because it would not "suffice to accomplish the objectives of Section 3553(a)."

The district court properly considered the 18 U.S.C. Section 3553(a) factors and imposed a sentence "sufficient, but not greater than necessary, to comply with the purposes of [that section]." 18 U.S.C. Section 3553(a). The district court did not abuse its discretion in sentencing Brooks below the guidelines range. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.") (quotation omitted).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____