# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3777
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Perez-Barrios

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 12, 2018
Filed: February 4, 2019
[Unpublished]
_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Michael Perez-Barrios pled guilty, without a plea agreement, to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court[1] sentenced him to 18

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Perez-Barrios contests the denial of his motion for a downward departure. "A district court's refusal to grant a downward departure under the sentencing guidelines is unreviewable unless the court had an unconstitutional motive in denying the request or failed to recognize that it had the authority to depart downward." *United States v. Jefferson*, 816 F.3d 1016, 1021 (8th Cir. 2016). He does not allege the district court had an unconstitutional motive. He also does not show the district court was unaware of its authority to depart. The court discussed his motion at length, asked multiple questions, and explained its reason for denying it. The denial of the motion is thus unreviewable. *See United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007) (declining to review a refusal to depart).

Perez-Barrios also believes his bottom-of-the-guidelines sentence is unreasonable because the court did not vary downward. This court reviews the substantive reasonableness of a sentence under an abuse-of-discretion standard, considering the totality of the circumstances. *See United States v. Leonard*, 785 F.3d 303, 306 (8th Cir. 2015). "Where, as here, a sentence imposed is within the advisory guideline range," this court "typically accord[s] it a presumption of reasonableness." *United States v. Scales*, 735 F.3d 1048, 1052 (8th Cir. 2013). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The district court considered Perez-Barrios's arguments for a lower sentence. Rejecting the government's request for a sentence "at the high end of the guideline range," it accepted his recommendation that a sentence "on the low end is probably appropriate." Fully considering the § 3553(a) factors, it did not abuse its discretion in sentencing him.

* * * * * * *

The judgment is affirmed.

_____