# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3595

_____

United States of America

*Plaintiff - Appellee*

v.

Wendell Clark Archambeau, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 14, 2019
Filed: March 5, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Wendall Clark Archambeau, Jr. pleaded guilty to felony child abuse and neglect in violation of 18 U.S.C. § 1153 and S.D. Codified Laws § 26-10-1. The district court[1] sentenced him to 60 months of imprisonment, followed by three years

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

of supervised release. Archambeau appeals his sentence as substantively unreasonable.

In 2016, Adreanna Cournoyer, Archambeau's niece, reported to law enforcement that Archambeau kept and sold methamphetamine and marijuana in his home. Based on this information, officers executed a search warrant at Archambeau's residence. Officers discovered four pipes, a glass mirror, a syringe, a spoon, and a Ziploc bag containing several smaller Ziploc bags. Some of the items later tested positive for methamphetamine residue. Three young children, including Archambeau's four-year-old daughter, A.B., were present during the search. Archambeau later admitted that he and others used and stored unlawful controlled substances while A.B. was home, but not necessarily while A.B. was with them in the same room. Archambeau pleaded guilty to felony child abuse and neglect on the basis that he used controlled substances in the home he shared with A.B. No advisory Guidelines range exists for this offense.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The district court "need not thoroughly discuss every § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence." United States v. Leonard, 785 F.3d 303, 307 (8th Cir. 2015).

The district court did not abuse its discretion in sentencing Archambeau to 60 months of imprisonment and three years of supervised release. After reviewing the presentence investigation report, hearing from individuals who spoke on behalf of the victim and from government and defense witnesses, the district court properly considered and applied the § 3553(a) factors. When considering the nature and circumstances of the offense, and its seriousness, the court noted that Archambeau failed to provide a home environment that was safe and protective for A.B. and used

drugs in the home while A.B. and other young children were present. The court also addressed the "length and number of incidents that have happened, particularly with A.B.," and noted her age and vulnerability. It further considered Archambeau's history and characteristics. The record shows that the district court made an individualized sentencing assessment, and Archambeau does not argue that the court relied on any improper factors.

The judgment of the district court is affirmed.

_____