# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1070

———————————————

United States of America

*Plaintiff - Appellee*

v.

Markie Pena

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: January 13, 2020
Filed: May 12, 2020
[Unpublished]

——————————

Before KOBES, BEAM, and MELLOY, Circuit Judges.

——————————

PER CURIAM.

Markie Pena appeals the 235-month sentence imposed by the district court[1] on remand for resentencing. Pena asserts the district court committed procedural error

———————————————

[1]The Honorable Susan Webber Wright, United States District Court for the Eastern District of Arkansas.

and imposed a substantively unreasonable sentence. Because the district court did neither, and having jurisdiction under 28 U.S.C. § 1291, we affirm.

Along with a co-defendant, Pena was indicted for his involvement in a methamphetamine-distribution ring around Blytheville, Arkansas. Pena pleaded guilty to conspiracy to possess with the intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court sentenced Pena to 312 months in prison, near the high end of his applicable guidelines range. Pena appealed that sentence, arguing the court erred in classifying him as a career offender based on a prior conviction in Texas for assault on a public servant. On appeal, the government conceded that Pena's Texas conviction was not a crime of violence and moved to remand the case for resentencing. Following remand, the district court determined Pena's advisory guidelines range was 188 to 235 months based on a total offense level of 31 and criminal history category VI. Pena requested a sentence at the low end of the amended range, but the government argued 312 months in prison was still an appropriate sentence. The district court sentenced Pena to 235 months in prison. Pena again appealed.

Pena argues the sentence was subject to procedural error and substantively unreasonable. We first review for significant procedural error. United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010). "Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[—]including an explanation for any deviation from the Guidelines range." Id. (emphasis omitted) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Then, we review a sentence to ensure it is not substantively unreasonable. Gall, 552 U.S. at 51 (review for substantive reasonableness employs the abuse-of-discretion

standard). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

At sentencing, Pena objected to the district court's characterization of his criminal history as "very serious" and "violent." He now argues that by relying on this characterization, the district court procedurally erred. Pena argues that his Presentence Investigation Report (PSR) shows a history "mostly of relatively minor, non-violent, driving and/or alcohol-related, reckless conduct offenses." The PSR, as adopted by the district court, calculated Pena's total criminal history score to be 16, which placed him in category VI. Although many of Pena's convictions were not for *per se* violent crimes, the PSR's descriptions of his underlying conduct characterize Pena as repeatedly acting in a violent or aggressive way towards other individuals and police officers. And Pena did not object to the factual descriptions in his PSR.

Pena relies on our decision in United States v. Ballard to support his argument that the district court's characterization of his criminal history was procedural error. 745 F. App'x 257 (8th Cir. 2018) (per curiam) (unpublished). In Ballard, we ruled that the district court procedurally erred by relying "nearly exclusively on an inflated assessment of [the defendant's] criminal history" when imposing an above-guidelines sentence. Id. at 258. Here, the district court cannot be said to have mischaracterized Pena's criminal history or to have exclusively relied on that mischaracterization in crafting a sentence. Rather, the record shows the district court appropriately assessed the contents of the PSR, as adopted, and weighed Pena's criminal history against many other relevant factors. Therefore, the district court did not procedurally err in characterizing Pena's criminal history as it did, and relying, in part, on that characterization in crafting a sentence.

-3-

Pena next argues the district court procedurally erred in failing to explain why a sentence at the low end of the guidelines range, as requested by Pena, was insufficient under § 3553. The record shows that the district court explained how several factors, including respect for the law, general deterrence, and Pena's personal history and characteristics—his childhood, criminal conduct, and recent attempts to better himself while in prison—impacted its decision to impose a sentence at the high end of the amended guidelines range. In doing so, it adequately addressed Pena's arguments for a lower sentence and sufficiently explained its rationale for the sentence it chose to impose. See United States v. Leonard, 785 F.3d 303, 306 (8th Cir. 2015).

Finally, Pena argues his sentence is substantively unreasonable because the district court gave undue weight to his criminal history and insufficient weight to his mitigating post-sentencing conduct. As we have concluded, however, the district court specifically addressed and considered Pena's mitigation argument and did not abuse its discretion in characterizing his criminal history. The district court's decision not to weigh mitigating factors as heavily as Pena "would have preferred does not justify reversal." United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). Pena's within-Guidelines sentence, therefore, does not represent any abuse of discretion by the district court and is substantively reasonable.

We affirm the judgment of the district court.

_____