# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-3479
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Dion DeMarrias

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: September 21, 2020
Filed: November 4, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Thomas DeMarrias, an enrolled member of the Sisseton-Wahpeton Sioux Tribe, pled guilty to one count of abusive sexual contact in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3) and one count of felony child abuse in violation of 18 U.S.C. § 1153 and S.D. CODIFIED LAWS §§ 26-8A-2 and 26-10-1. At sentencing,

the district court[1] imposed a term of 120 months' imprisonment on each count and ordered that the sentences run consecutively. DeMarrias appeals his sentence asserting that the sentence is the result of a procedurally flawed analysis and is substantively unreasonable. We find no procedural error and determine that the sentence is not substantively unreasonable. We affirm.

## I. Background

Before addressing the facts, we resolve DeMarrias's contention that the district court improperly considered facts that were never admitted to or proven. This contention fails for two reasons. First, having raised it for the first time in his reply brief, he has waived it. See United States v. Benson, 888 F.3d 1017, 1020 (8th Cir. 2018) (court will not consider issues raised for the first time in reply brief unless appellant gives some reason for failing to raise and brief the issue in his opening brief). More importantly, even if the issue had been properly raised, it is without merit because DeMarrias did not object to the facts contained in the Presentence Investigation Report, therefore, the court was free to rely upon them. United States v. Brooks, 648 F.3d 626, 630 (8th Cir. 2011).

The facts underlying DeMarrias's guilty pleas for abusive sexual contact and felony child abuse are horrific. Over a period of approximately four years, DeMarrias psychologically, sexually, and physically abused his two minor stepdaughters. The abuse of the girls began when they were just four- and eight-years old. DeMarrias was also physically abusive towards his wife and stepson. One of the children reported that the physical abuse occurred on average four times a day five days a week. DeMarrias forced the three children "to sign contracts to govern what he could do if they got into trouble." For example, under the contracts, DeMarrias could

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

require a child who got into trouble to pick one of their siblings to receive a beating. If the child was unwilling or emotionally unable to pick a sibling to be beaten, DeMarrias would beat all three children. Occasionally DeMarrias would beat the children's mother for the actions of the children.

At sentencing, the court was particularly moved by the offense conduct, noting that in nearly twenty-five years on the bench, including significant experience with Native-American sex-abuse cases, "[t]his case [was] just about as bad as any [it had] seen." The court opined that it would not have hesitated to impose a life sentence in light of DeMarrias's conduct, but due to the plea agreement, it was bound by the 120-month statutory maximum on each count. The Guidelines range for the abusive-sexual-contact conviction would have been 360 months to life, but was capped at the 120-month statutory maximum. The child-abuse conviction does not have a Guidelines range, as no specific guideline has been promulgated for that offense and there is not a sufficiently analogous offense under the Guidelines. See U.S. Sentencing Guidelines Manual § 2X5.1 (2018). Accordingly, the district court simply had to fashion a sentence for the child-abuse conviction based on the 18 U.S.C. § 3553(a) factors. Id. The district court imposed the 120-month statutory maximum on both counts and ordered that the two sentences run consecutively. DeMarrias now appeals, arguing that the district court erred in imposing consecutive sentences and that the 120-month sentence for felony child abuse is substantively unreasonable.

## II. Discussion

Our review of a criminal sentence generally proceeds in two stages. First, we review the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552

U.S. 38, 51 (2007). Because DeMarrias failed to object to any alleged procedural error at sentencing, we review for plain error. United States v. Smith, 795 F.3d 868, 871 (8th Cir. 2015) (per curiam). Second, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at 51.

Here, the district court did not commit any procedural error. The district court (properly) calculated the Guidelines range, treated the Guidelines as advisory, and appropriately considered the § 3553(a) factors in imposing the two (consecutive) 120-month sentences. The district court did not have to "specifically respond to every argument made by the defendant, or mechanically recite each § 3553(a) factor." United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009) (cleaned up). Instead, it simply needed to "set forth enough to satisfy" this Court that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (citations omitted). A close review of the record reveals that the district court considered each of DeMarrias's arguments and all of the § 3553(a) factors when imposing the sentences. Moreover, it expressly addressed many of DeMarrias's arguments.

While DeMarrias alleges that the district court failed to consider that (1) his criminal history was overstated, (2) he has had previous success with rehabilitation and has a new-found religious commitment, and (3) he has current rehabilitation needs (sex-offender treatment), the district court explicitly considered each of these factors. First, it noted that DeMarrias had a "rather high" criminal-history category, but "that a lot of those are criminal activities in years past." Second, it noted that it was "not particularly impressed by" DeMarrias's claim that he has become more religious, as—in its experience—many defendants "find God right after they've been found guilty of something." Finally, the district court considered DeMarrias's sex-offender treatment needs, as it recommended to the Bureau of Prisons that DeMarrias be placed in a facility where he could participate in a sex-offender-treatment program.

In sum, a close review of the record reveals that the district court considered all of DeMarrias's arguments and all of the § 3553(a) factors when imposing the sentences. In imposing the sentences, the district court found some § 3553(a) factors more significant than others. The district court committed no error, plain or otherwise, in imposing DeMarrias's consecutive 120-month sentences.

Finally, DeMarrias asserts the sentence on the felony child-abuse conviction is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Leonard, 785 F.3d 303, 306 (8th Cir. 2015) (per curiam). In this circuit, a district court may abuse its discretion by failing "to consider a relevant factor that should have received significant weight, giv[ing] significant weight to an improper or irrelevant factor, or consider[ing] only the appropriate factors but commit[ting] a clear error of judgment in weighing those factors." Id. at 306–07 (quoting United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009)).

A close review of the record reveals no evidence in support of DeMarrias's claim that the district court failed to consider a relevant factor that should have been given significant weight or that the district court committed a clear error in judgment in weighing the appropriate factors. DeMarrias simply disagrees with the significant weight that the district court gave to his offense conduct. But "[a] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." Id. at 307 (quoting United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011)). Here, the offense conduct was particularly heinous, and the district court therefore found it worthy of significant weight. This is not an abuse of discretion. Imposing a consecutive 120-month sentence on the child-abuse conviction based on DeMarrias's conduct over a course of years was not substantively unreasonable.

## III. Conclusion

Because the district court did not commit any procedural error, and because the sentence is not substantively unreasonable, we affirm.

_____