# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2753

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Goodloe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: June 14, 2021
Filed: July 16, 2021
[Unpublished]

_____

Before LOKEN, WOLLMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Antonio Goodloe pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] calculated Goodloe's Guidelines range as 77 to 96 months' imprisonment. Relying heavily on Goodloe's extensive criminal history, the district court varied upward and imposed the maximum sentence allowed by law, a 120-month sentence. Goodloe appeals, arguing his sentence is substantively unreasonable.

The substantive reasonableness of a sentence imposed is reviewed under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In this Circuit, a district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Leonard, 785 F.3d 303, 306–07 (8th Cir. 2015) (per curiam) (citation omitted).

Goodloe asserts the district court did not consider all of the 18 U.S.C. § 3553(a) factors and failed to provide sufficient support for its 24-month upward variance. Goodloe argues the district court (1) should have considered the fact that he pled guilty and saved the government the time and expense of a trial; (2) failed to consider the sentencing disparity created by imposing a 120-month sentence; and (3) erred in relying on his criminal history, as his Guidelines range already accounted for it. Each of these arguments is without merit.

Goodloe never asked the district court to consider the government resources that were saved by his guilty plea. Even so, Goodloe's Guidelines range reflected this resource saving in the form of a three-point reduction in his offense level for

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

acceptance of responsibility. The district court did not abuse its discretion by failing to *sua sponte* give more weight to Goodloe's acceptance of responsibility.

A close review of the record demonstrates that Goodloe's claim that the district court failed to consider the § 3553(a) factors is likewise flawed. The sentencing record reflects the court considered the § 3553(a) factors, including sentencing disparity. The district court acted within its discretion when it chose to give greater weight to the § 3553(a) factors that it specifically noted were the basis for its upward variance: "the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to other criminal conduct and to protect the public from further crimes by the defendant."[2]

Finally, while Goodloe is correct that his Guidelines range took into account some of his criminal history, "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012); see also United States v. Donahue, 959 F.3d 864, 867 (8th Cir. 2020) (district court may "determin[e] that the weight the Guidelines assigned to a particular factor was insufficient" (citation omitted)). Further, Goodloe's Guidelines range did not actually account for the entirety of his criminal history. A minimum score of 13 criminal history points is required to place a defendant in criminal history category VI. Goodloe had 23 criminal history points, nearly twice the minimum required to be a

_____

[2]While Goodloe provides us with information regarding the average sentence in felon-in-possession cases, it is unhelpful, as it does not take into account defendants' criminal history categories. See 18 U.S.C. § 3553(a)(6) (courts should seek "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

category VI offender.  The district court did not abuse its discretion in giving greater weight to this extensive criminal history.

Goodloe's disagreement with the significant weight the district court gave his extensive criminal history as well as the risk his criminality posed to the community does not amount to an abuse of discretion.  These are permissible sentencing factors that are within the wide latitude district courts are afforded when determining the appropriate sentence.  <u>Leonard</u>, 785 F.3d at 307.  We affirm the judgment of the district court.

_____