# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3629

_____

United States of America,

        Appellee,

v.

Sean James Dace,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri.
\*
\*
\*

_____

Submitted: October 17, 2011
Filed: November 7, 2011

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

Sean Dace pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as possession of pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court[1] sentenced Dace to concurrent terms of 105 months imprisonment, below the advisory United

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

States Sentencing Guidelines (U.S.S.G. or Guidelines) range of 121-151 months, and four years of supervised release. Dace appeals, arguing the district court "procedurally erred in failing to adequately explain" why it denied "Dace's motion for downward departure based on overstated criminal history and failing to address" certain of his arguments for a downward variance. Dace also contends his sentence "is unreasonable because the [district] court did not fully consider the § 3553(a) factors." We affirm.

## I. BACKGROUND

In accordance with the plea agreement, the presentence investigation report (PSR) assigned Dace a base offense level of 32, a total offense level of 29, and a criminal history category of IV, resulting in the advisory Guideline range of 121-151 months. Neither Dace nor the government objected to the PSR. At sentencing, Dace claimed his criminal history was overstated because (1) two of his convictions were old and only counted because the present conspiracy dates back to 2006; (2) he had not been convicted of a felony since 1990; (3) all of his felony convictions were alcohol- or theft-related; and (4) he has improved his lifestyle since those convictions. Dace also requested a variance because the Guidelines overestimate the amount of methamphetamine Dace could have made from the pseudoephedrine he possessed (the drug quantity argument), see U.S.S.G. §§ 2D1.1, 2D1.11; U.S.S.G. App. C, Vol. II, Amend. 625 (effective Nov. 1, 2001) (presuming fifty percent of pseudoephedrine can be turned into methamphetamine), and his "personal history and characteristics . . . make[]him less likely to recidivate." The district court found Dace's criminal history was not overstated, yet varied the sentence downward to 105 months because of Dace's impoverished childhood and history of substance abuse.

## II. DISCUSSION

In reviewing a challenge to a sentence, we "must first ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). In assessing possible procedural error, "we review a district court's factual

findings for clear error and its interpretation and application of the guidelines de novo." United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010).  If we discover no procedural error, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Gall, 552 U.S. at 51.

Dace first argues the district court procedurally erred by failing to explain adequately why it denied "Dace's motion for downward departure based on overstated criminal history."  Because Dace did not specifically object at the sentencing hearing to the adequacy of the district court's explanation, we review for plain error.  See United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010).  Dace fails to show any plain error because the district judge adequately considered and then rejected each of Dace's arguments for a downward departure.  See id.

Dace also contends the district court procedurally erred by failing to address his drug quantity argument and his proposition that his advisory Guideline range was unduly severe because his offenses all stemmed from his addictions. District courts generally have discretion to decide whether to respond to every argument.  See Rita v. United States, 551 U.S. 338, 356 (2007).  The district court was justified in relying on "the Commission's own reasoning that a Guidelines sentence is a proper sentence."  Id. at 357.   And the district court explicitly considered Dace's argument that his criminal history was overstated because his offenses all stemmed from his addictions.  The district court did not err.

Finally, Dace maintains his sentence is substantively unreasonable because the district court failed to assess individually each § 3553(a) factor by not "adequately consider[ing] the minor criminal history, substance abuse addiction and the family circumstances of Mr. Dace when considering a variance from the advisory guideline range."  The district court expressly weighed all of the factors Dace mentions against the seriousness of the offense, highlighting Dace's "culpability in this offense as well as the length of time [Dace was] involved in this conspiracy and the role that [Dace]

played in this conspiracy." The district court did not abuse its discretion simply by weighing these factors differently than Dace would do. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

## III. CONCLUSION

We affirm.[2]

_____

_____

[2]Because we conclude the district court did not err or otherwise abuse its discretion, we do not address the government's plea agreement appeal waiver issue.