# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3371

_____

United States of America

*Plaintiff - Appellee*

v.

David Dieguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 11, 2016
Filed: May 27, 2016

_____

Before GRUENDER and KELLY, Circuit Judges, and ERICKSEN,[1] District
Judge.

_____

ERICKSEN, District Judge.

David Dieguez appeals the 21-month sentence imposed after he pleaded guilty
to one count of failure to register as a sex offender in violation of 18 U.S.C.

_____

[1] The Honorable Joan N. Ericksen, United States District Judge for the District
of Minnesota, sitting by designation.

§ 2250(a). He argues that the district court[2] procedurally erred by failing to give an explanation for the sentence and that the sentence is substantively unreasonable. We affirm.

At the sentencing hearing, the district court calculated the United States Sentencing Guidelines range for Dieguez's sentence. Citing the inclusion of a fifteen-year-old theft conviction in the calculation of his criminal history category, Dieguez moved for a downward departure under § 4A1.3(b). After denying that motion, the court found the applicable range to be 21 to 27 months. The parties agreed that the court had accurately stated the Guidelines provisions. The district court then heard the Government's arguments for a sentence in the "middle to high range" of the Guidelines provisions, followed by Dieguez's counsel's arguments. Counsel for Dieguez urged the district court to consider, in assessing the § 3553(a) factors, that her client had "taken steps to mitigate" his chances of recidivism by completing certain coursework during his time in custody; the circumstances of his initial, underlying conviction that prompted the registration requirement; and the fact that his girlfriend would provide him support. The court noted on the record that it had reviewed the coursework completion materials that Dieguez submitted. Dieguez's counsel also asked the court to recommend that he receive credit for time served since March 2015 and that he be placed in Fresno, California, to be near his girlfriend and family. Next, the court heard from Dieguez in his own words.

The district court then pronounced Dieguez's sentence of 21 months, stating that it had considered all of the § 3553(a) factors, including "all of [Dieguez's] history and characteristics and the nature of the present offense in context with [his] prior record and the initial underlying offense." The court explained that "the primary factor that guides this sentence [was] not [Dieguez's] nearly 15-year-old prior conviction for

---

[2] The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

theft, but rather the fact that [he] moved from state to state on prior occasions without registering as a sex offender . . . ." The court also expressed its concern that Dieguez's most recent violation came even after he had received probation and been incarcerated, measures which "were to no effect at this point in time." The district court explained that it was necessary to "get [Dieguez's] attention that failing to register as a sex offender is a serious offense." As "tempering" factors weighing against a higher sentence and for a sentence at the low end of the Guidelines range, the court cited "the context of the underlying offense and [Dieguez's] nonviolent background." The district court concluded that a 21-month sentence would "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." It stated that it would recommend incarcerating him as close as possible to Fresno, California.

At the end of the sentencing, the district court asked counsel if they had "any questions or wish[ed] any further elaboration of [the court's] statement of reasons." Dieguez clarified the date on which he had been arrested in March 2015, and the district court agreed that he should receive credit for time served from that date. Aside from this point of clarification, counsel for Dieguez assured the court that they had "no other questions or concerns."

1.      **Procedural Argument**

On appeal, Dieguez argues that the district court failed to give an adequate explanation for the sentence because it "did not address the reasons Dieguez gave for believing that a shorter sentence would be sufficient to deter further aberrant conduct." Specifically, he asserts that the district court did not address his arguments about the fifteen-year-old theft conviction, the coursework he had completed, and the support provided by his girlfriend.

A district court must at the time of sentencing "state in open court the reasons for its imposition of the particular sentence . . . ." 18 U.S.C. § 3553(c). This requirement allows for meaningful review and helps assure the public that a sentence resulted from a reasoned process. *Rita v. United States*, 551 U.S. 338, 356 (2007). "The appropriateness of brevity or length, conciseness or detail" of the court's explanation will depend on the circumstances. *Id.* "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Id.*

As illustrated above, the district court in this case, in sentencing Dieguez at the low end of the Guidelines range, stated its reasoning in some detail. Its explanation in open court expressly assured the parties that it had considered all of the § 3553(a) factors. The court also, during the course of the sentencing proceeding, specifically addressed the three arguments Dieguez contends on appeal were ignored. It explained that the sentence reflected its consideration of Dieguez's "prior record" and that "the primary factor that guides this sentence" was not the relatively old theft conviction but rather Dieguez's previous violations of the sex offender registration requirement. The court also stated on the record that it had reviewed the materials Dieguez submitted showing his completion of coursework while in custody.[3] Finally, the court's recommendation of a Bureau of Prisons placement near Dieguez's girlfriend demonstrated its consideration of his arguments about the support she could provide him.

We need not decide, however, whether the district court's statements in open court were adequate to explain its sentence, because Dieguez explicitly waived any

---

[3] The court also recommended that Dieguez be eligible to pursue a GED while serving his sentence, suggesting that the court appreciated the potential salutary effects of the defendant's pursuit of education while incarcerated. *See* 18 U.S.C. § 3553(a)(2)(D).

argument that the explanation was inadequate. The court expressly gave him an opportunity to request "any further elaboration" of the statement of reasons that it had provided at the sentencing. In response, Dieguez raised a point of clarification regarding the date of his arrest, and the district court responded in his favor, finding that Dieguez should receive credit for time served starting at the earlier date that he mentioned. After this point was resolved, Dieguez then represented that he had "no other questions or concerns."

By assuring the district court, when directly asked if he "wish[ed] any further elaboration of [the court's] statement of reasons," that he had "no other questions or concerns," Dieguez intentionally relinquished his known rights under § 3553(c) with regard to a statement of reasons. In other words, Dieguez waived, on the record and in response to the court's inquiry as to this precise question, any argument that the district court's explanation of its sentence at the hearing was inadequate. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (defining waiver as the "intentional relinquishment or abandonment of a known right"); *United States v. Jones*, 770 F.3d 710, 713 (8th Cir. 2014) (finding defendant waived his rights to make a statement and to question witnesses where he "declined the district court's invitation to testify or cross examine witnesses"). Given Dieguez's waiver of this argument, we will not sustain his procedural challenge to the district court's sentencing explanation on appeal.

2.     **Substantive Reasonableness Argument**

Dieguez also argues that his sentence was substantively unreasonable because the district court clearly erred in weighing the § 3553(a) sentencing factors. "We review a challenge to the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Leonard*, 785 F.3d 303, 306 (8th Cir. 2015) (quoting *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009)). This review is "highly

deferential." *Roberts*, 747 F.3d at 992. "A sentencing court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Leonard*, 785 F.3d at 306-07. The district court "has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others." *Roberts*, 747 F.3d at 992 (quoting *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010)). Moreover, a "sentence within the Guidelines range is presumptively reasonable on appeal." *Maxwell*, 778 F.3d at 737 (citing *United States v. Eason*, 643 F.3d 622, 626 (8th Cir. 2011)). As described above, Dieguez's sentencing record reflects that the district court considered the § 3553(a) factors and determined that, particularly in light of the defendant's previous violations of the registration requirement, the 21-month, within-Guidelines sentence appropriately "reflect[ed] the seriousness of the offense" and would "promote respect for the law" and "provide just punishment for the offense." We find no abuse of discretion.

Accordingly, we affirm the judgment of the district court.

_____