# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2953

_____

United States of America

*Plaintiff - Appellee*

v.

Francisco Samuel Nava Hernandez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 11, 2016
Filed: June 30, 2016
[Unpublished]

_____

Before GRUENDER and KELLY, Circuit Judges, and ERICKSEN,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District
of Minnesota, sitting by designation.

Francisco Nava Hernandez appeals from the district court's[2] decision imposing a sentence of 97 months' imprisonment for possession with intent to distribute methamphetamine. He argues (1) that the district court procedurally erred by failing to explain the reasons for his sentence and (2) that his sentence is substantively unreasonable because the district court committed a clear error of judgment when weighing the statutory sentencing factors. We affirm.

In May 2015, Hernandez pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Presentence Investigation Report ("PSR") calculated an advisory guidelines range of 97-121 months' imprisonment. Hernandez did not object to the PSR. Instead, he filed a motion for a variance, arguing that a lower sentence was warranted because his guidelines range was the result of poor legal advice in connection with an unrelated charge. Specifically, Hernandez pleaded guilty to a state DUI charge while his federal charge was pending. Had he waited to resolve the state charge until after sentencing in this case, Hernandez argued, his guidelines range likely would have been 70-87 months. Hernandez urged the district court to sentence him to 70 months' imprisonment based on the sentencing goals set forth in 18 U.S.C. § 3553(a). The Government, in contrast, requested a sentence within the advisory guidelines range.

The district court addressed Hernandez's variance motion at his sentencing hearing. The court sentenced Hernandez to a term of 97 months' imprisonment, the bottom of the advisory guidelines range. After imposing the sentence, the district court asked the parties if they had any questions or if they wanted "further elaboration of [the court's] statement of reasons." Hernandez responded that he did not want any further explanation.

---

[2]The Honorable John M. Gerrard, United States District Court for the District of Nebraska.

Hernandez first argues that the district court procedurally erred because the court failed to adequately explain its reasons for imposing the sentence and because the court did not address his arguments supporting his variance motion. "'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Scales*, 735 F.3d 1048, 1051-52 (8th Cir. 2013) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Hernandez contends that the district court failed to address his arguments that a below-guidelines-range sentence was appropriate due to various mitigating factors, including his lack of substantive criminal history, lack of drug use, history of stable employment, and strong family support. He also claims that the court did not address his argument that his guidelines range resulted from bad legal advice and that his range would have been significantly lower but for this advice. According to Hernandez, the district court gave little more than a "boilerplate recitation of the statute." *See United States v. Spencer*, 700 F.3d 317, 325 (8th Cir. 2012) (Bright, J., dissenting).

A district court "need not specifically respond to every argument made by the defendant." *United States v. French*, 719 F.3d 1002, 1007 (8th Cir. 2013) (quoting *United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009)); *see also United States v. Dace*, 660 F.3d 1011, 1014 (8th Cir. 2011) ("District courts generally have discretion to decide whether to respond to every argument."). In this case, the district court heard arguments from both sides and specifically responded to Hernandez's arguments. In particular, the court agreed with the Government in rejecting as implausible Hernandez's assertions in support of his argument that he would have been safety-valve eligible if not for the allegedly bad legal advice regarding his state DUI plea. The court further addressed Hernandez's argument regarding his state DUI

plea by noting that "the federal court is not a place to collaterally attack a state court plea, but if there is . . . a serious mistake . . . that is going to cost a defendant, the court will take that into consideration under Section 3553(a)." After discussing Hernandez's arguments, the court adopted the unobjected-to guidelines calculation in the PSR and properly took the § 3553(a) factors into consideration. The court "was justified in relying on 'the Commission's own reasoning that a Guidelines sentence is a proper sentence.'" *See Dace*, 660 F.3d at 1014 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

However, we need not decide whether the district court's statements were adequate to explain the sentence because Hernandez explicitly waived any argument that the explanation was inadequate. After the district court announced his sentence, the court explicitly gave Hernandez an opportunity to request "any further elaboration of [its] statement of reasons." Hernandez declined. By doing so, Hernandez "waived, on the record and in response to the court's inquiry as to this precise question, any argument that the district court's explanation of its sentence at the hearing was inadequate." *See United States v. Dieguez*, No. 15-3371, 2016 WL 3031077, at *3 (8th Cir. May 27, 2016); *see also United States v. Jones*, 770 F.3d 710, 713 (8th Cir. 2014) (holding that defendant waived his rights to testify and to question witnesses when he "declined the district court's invitation" to do so). Because Hernandez waived this argument, we will not sustain his procedural challenge to the district court's sentencing explanation.

Hernandez also argues that his sentence was substantively unreasonable. "We review a challenge to the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009). In this review, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Feemster*, 572 F.3d at 461 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A sentence is substantively unreasonable 'if the district court fails to consider a relevant factor that should have received

-4-

significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (quoting *United States v. Lozoya*, 623 F.3d 624, 626 (8th Cir. 2010)).

Based on the record, the district court properly considered the § 3553(a) factors in sentencing Hernandez. Hernandez argues that the district court abused its discretion by not giving appropriate weight to various mitigating factors and by giving a "boilerplate statement" explaining his sentence. However, a district court does not abuse its discretion "[s]imply because [it] weigh[s] the relevant factors more heavily than [the defendant] would prefer." *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011); *see also United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011) ("A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors."). Hernandez fails to rebut the presumption of reasonableness that attaches to his within-guidelines-range sentence. *See United States v. Linderman*, 587 F.3d 896, 901 (8th Cir. 2009).

For the foregoing reasons, we affirm Hernandez's sentence.

———————————————————