# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3441

_____

United States of America

*Plaintiff - Appellee*

v.

Alejandro Manuel Torres-Ojeda, also known as Jonathan Cotte Alvarez, also known as Jonathan Alvarez Cotte, also known as Carlos Cerda, also known as Eliseo Perez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 13, 2016
Filed: July 22, 2016

_____

Before RILEY, Chief Judge, MURPHY and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Alejandro Manuel Torres-Ojeda, a native and citizen of Mexico, pled guilty to illegally reentering the United States after removal following his conviction for aggravated felonies in violation of 6 U.S.C. §§ 202 and 557 and 8 U.S.C. § 1326(a)

and (b)(2).  At sentencing, the district court,[1] relying on Torres-Ojeda's uncontested presentence investigation report, calculated an advisory United States Sentencing Guidelines (Guidelines) range of 70-87 months (level 21, category V) before hearing argument.

Torres-Ojeda requested a sentence of time served, arguing (1) he came to the United States to work and support his family and mostly had abided by the law while here; (2) he was not told when he was deported of the possibility of severe penalties for illegal reentry; and (3) it was unreasonable to make American taxpayers pay to incarcerate him rather than just deport him to Mexico again.  The government asked for a sentence within the 57-71 month range estimated in the plea agreement based upon Torres-Ojeda's criminal history, lack of respect for the law, use of false names, and quick reentry.  The district court sentenced Torres-Ojeda to 48 months imprisonment—well below the bottom of the advisory Guidelines range.

Torres-Ojeda appeals, asserting his below-Guidelines "sentence was procedurally unreasonable because the district court failed to provide adequate explanation for why the requested sentence [of time served] was not a sufficient sentence to punish [him] for his crime" and "was substantively unreasonable because the sentence imposed was far greater than necessary to satisfy the statutory goals of sentencing and ignored compelling mitigation arguments."

We review the reasonableness of Torres-Ojeda's sentence under a deferential "abuse-of-discretion standard," ensuring the district court neither committed a significant procedural error nor imposed a substantively unreasonable sentence. Gall v. United States, 552 U.S. 38, 51 (2007).  Because Torres-Ojeda did not timely object to the sufficiency of the district court's explanation at sentencing, we review that

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

claim for plain error.  See Fed. R. Crim. P. 52(b); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).

Having thoroughly reviewed the record, we detect no sentencing error, plain or otherwise.  Torres-Ojeda concedes the district court "fully addressed" his first argument about his criminal record, but complains "the district court did not address [his] argument[s] regarding the unnecessary cost of incarceration" and what he had been told were the consequences if he again illegally reentered the United States.

As we have often said, a sentencing court need not specifically respond to every argument presented at sentencing.  See, e.g., United States v. Dace, 660 F.3d 1011, 1014 (8th Cir. 2011) ("District courts generally have discretion to decide whether to respond to every argument."); United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) ("[N]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge.").  "Sometimes a judicial [ruling] responds to every argument; sometimes it does not; sometimes a judge . . . rel[ies] upon context and the parties' prior arguments to make the reasons clear."  Rita v. United States, 551 U.S. 338, 356 (2007).  To explain a sentence adequately, a sentencing judge need only "set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising h[er] own legal decisionmaking authority."  Id.

Here, "[t]he record makes clear that the sentencing judge listened to each" of Torres-Ojeda's sentencing arguments, "considered the supporting evidence," responded appropriately, and gave a reasoned basis for Torres-Ojeda's below-Guidelines sentence.  Id. at 358.  Aware of the financial and human costs of prison and Torres-Ojeda's valid desire to get back to his family as soon as possible, the district court explained Torres-Ojeda's history of felony domestic assault made deportation without incarceration inappropriate.  When Torres-Ojeda claimed he did not know he could face prison for illegally reentering the United States after removal,

the district court acknowledged Torres-Ojeda's viewpoint yet verified Torres-Ojeda knew he was "not allowed" to be in the United States. In imposing Torres-Ojeda's sentence, the district court explained that "under the circumstances," Torres-Ojeda's crime required "a sentence of more than time served to reflect the severity of the offense," to account for his prior "18 months in prison," and to deter him from illegally returning to the United States again. No further explanation was required. See id. at 358-59.

We also reject Torres-Ojeda's claim that his below-Guidelines sentence is substantively unreasonable. Varying downward remarkably, the district court sentenced Torres-Ojeda to 48 months imprisonment—22 months below the bottom of his advisory Guidelines range and 9 months below the bottom of the non-binding range to which he agreed in his plea agreement. "[W]here a district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam) (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009)). Torres-Ojeda's "mitigation arguments" do not convince us otherwise. The district court did not abuse its substantial sentencing discretion by refusing to impose an even shorter sentence.

The judgment is affirmed.

_____