# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3956

_____

United States of America

*Plaintiff - Appellee*

v.

Amy E. Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2016
Filed: October 18, 2016
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Amy Jones was convicted of conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, being an unlawful user of a controlled substance in possession of a firearm, 18 U.S.C. §§ 922(g)(3), 924(a)(1), and aiding and abetting the distribution of heroin, 21 U.S.C. § 841(a)(1),

(b)(1)(C). The district court[1] varied upward from the advisory Sentencing Guidelines range of 33 to 41 months, sentencing Jones to 60 months imprisonment. On appeal, Jones challenges the sentence as unreasonable. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). Under this deferential standard, a sentence is unreasonable if the district court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Robinson, 781 F.3d 453, 466 (8th Cir. 2015). Though a sentence that is above the Guidelines range is not presumed reasonable, we give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (quoting Gall, 552 U.S. at 51). All that is generally necessary to withstand appellate scrutiny "is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008).

The record belies Jones's position that the district court did not adequately consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). To the contrary, the court recited the factors, heard extensive argument of counsel, and explained its chosen sentence in light of the need to deter illegal drug use and protect the public from its harmful effects. See Rita v. United States, 551 U.S. 338, 359 (2007) (finding no need for a lengthy explanation of sentencing where "the record makes clear that the sentencing judge considered the evidence and arguments"); see also United States v. Torres-Ojeda, 829 F.3d 1027 (8th Cir. 2016) (same); United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007) (finding sufficient consideration

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

-2-

of the sentencing factors in part because "the district court heard extensive arguments from [defendant's] counsel and the government"). The court found the suggested Guidelines sentence insufficient, particularly due to the longevity of Jones's drug conspiracy. To the extent that Jones would have preferred greater consideration of factors more favorable to her, there is no justification for reversal.

We are satisfied that the district court properly considered the relevant sentencing factors, and we find no abuse of discretion. Accordingly, we affirm.

_____