# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3301

_____

United States of America

*Plaintiff - Appellee*

v.

Bartolo Zavala-Reyes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 4, 2017
Filed: August 11, 2017
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Bartolo Zavala-Reyes pleaded guilty to one count of unlawful reentry as a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and was sentenced on September 30, 2016, to 78 months' imprisonment. He appealed. While the appeal was pending, the government filed a motion to remand for resentencing based on a conceded error in the calculation of Zavala-Reyes' advisory Sentencing Guidelines

range. We granted the motion, vacated the sentence, and remanded for resentencing based on an advisory Guidelines range of 57–71 months. The district court[1] held a resentencing hearing on July 26, 2016, and imposed a sentence of 71 months. Zavala-Reyes appeals, arguing the district court both procedurally erred and imposed a substantively unreasonable sentence.

Before the resentencing hearing, both parties submitted sentencing position papers. In Zavala-Reyes' position paper, he requested a 63-month sentence, describing it as "proportionately identical to the within-guideline sentence of 78 months" as originally imposed. In the government's position paper, it argued for a 71-month sentence, highlighting Zavala-Reyes' prior criminal record, his repeated violations of the immigration laws, and the need to deter him from returning to the United States again without permission. At the hearing, counsel for Zavala-Reyes raised the following issue for the first time:

> Your Honor, Mr. Zavalas-Reyes [sic] has asked me to bring up what he believes has been a change in the Guidelines concerning reentry cases.[2] And he believes his proper Guideline[s] range is in the area of 36 months.

The district court asked for a response from government counsel, who acknowledged a proposed amendment to USSG § 2L1.2 that, absent Congressional action to the contrary, would go into effect November 1, 2016. The government suggested

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[2]On April 28, 2016, the United States Sentencing Commission proposed several amendments to the Sentencing Guidelines with an effective date of November 1, 2016. Among these proposed amendments was a significant restructuring of USSG § 2L1.2, the provision applicable to offenses related to "Unlawfully Entering or Remaining in the United States."

Zavala-Reyes' advisory range under the amended Guidelines would be 30–37 months, but neither party discussed the amendment in detail, or explained how Zavala-Reyes' Guidelines range would be calculated under the new version of § 2L1.2. The district court denied the request to apply the proposed Guidelines amendment.

Zavala-Reyes argues the court committed procedural error by not providing an adequate explanation for not applying the proposed amendment to calculate his advisory Guidelines range. Because he did not contemporaneously object to the adequacy of the court's explanation, we normally would review his claim for plain error. See United States v. Chavarria-Oritz, 828 F.3d 668, 670–71 (8th Cir. 2016). In this case, however, Zavala-Reyes has waived the argument. See United States v. Dieguez, 824 F.3d 718, 721 (8th Cir. 2016). Immediately after denying the request to apply the proposed amendment, the district court expressly asked the parties: "With that, do you have any further comments before penalty is imposed?" Counsel for Zavala-Reyes responded: "I do not." See id. (concluding that when counsel for defendant assured the court he had "no other questions or concerns" about the court's explanation for the sentence, he waived "any argument that the district court's explanation of its sentence at the hearing was inadequate").

Zavala-Reyes also argues that his sentence is substantively unreasonable, again because the district court did not apply the proposed Guidelines amendment when calculating his advisory Guidelines range. A district court may, but is not required to, consider a pending Guidelines amendment. United States v. Allebach, 526 F.3d 385, 389 (8th Cir. 2008) ("Consideration of the pending amendment is merely permissible, not required."). Zavala-Reyes offers no other reason why his within-Guidelines range is unreasonable, and we find none.

The judgment of the district court is affirmed.

_____