# United States Court of Appeals
## For the Eighth Circuit
_____

No. 17-2932
_____

United States of America

*Plaintiff - Appellee*

v.

John Allen Abbott, also known as John Abbott

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: May 15, 2018
Filed: June 29, 2018
[Unpublished]
_____

Before BENTON, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

John Allen Abbott pleaded guilty to conspiracy to distribute methamphetamine and received a twenty-year prison sentence. He complains that the district court[1] miscalculated his sentencing range, relied on an unproven fact at

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

sentencing, and imposed an unnecessarily harsh sentence. Because any calculation error was harmless and Abbott's other arguments lack merit, we affirm.

Abbott participated in a drug operation that acquired ice methamphetamine from Las Vegas for distribution in Iowa. As a member of the conspiracy, Abbott sold methamphetamine to a government informant on four separate occasions. These actions led to his prosecution and to his plea to conspiracy to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846.

Abbott's sentencing range, taking into account his criminal history, his acceptance of responsibility, and the nature of his offense, was between 210 and 262 months. The government, however, urged the district court to apply two sentencing enhancements. The first, the career-offender enhancement, required Abbott to have committed two prior predicate felonies. *See* U.S.S.G. § 4B1.1. The government pointed to Abbott's previous convictions of domestic assault with intent to inflict serious injury and possession with intent to manufacture methamphetamine in recommending the career-offender enhancement. The second, an aggravating-role enhancement, depended on whether Abbott "was a manager or supervisor" of the criminal venture, which had to involve five or more participants. *Id.* § 3B1.1. For the second enhancement, the government mainly relied on Abbott's role in directing a co-conspirator to drive a rental car loaded with drugs from Las Vegas to Iowa. Over Abbott's objections, the court applied both enhancements, resulting in a new sentencing range of 324 to 405 months. After discussing Abbott's life and criminal history in detail, the court sentenced him to 240 months in prison.

Abbott raises four arguments on appeal. The first two arguments challenge the district court's calculation of the sentencing range. In Abbott's view, he is neither a career offender nor deserving of an aggravating-role enhancement. For his third argument, Abbott objects to the court's reliance on an unproven fact: his

knowledge of the conspiracy's actions before he joined.   Lastly, Abbott insists that the court abused its discretion by giving him an unreasonably harsh sentence.

Even if we agreed with Abbott that the district court miscalculated his sentencing range, any error would be harmless.   The court emphasized that it would have imposed the same sentence without the career-offender and aggravating-role enhancements:

> This is a case that to me is not particularly a Guidelines-based case in one sense.   The Guidelines tell us this is a very serious drug offense. The 3553(a) factors tell us the rest of the story and it is an ugly story on a lot of levels and so I want to make clear that the sentence I am ultimately going to impose would have been the same whether the defendant was found to be a career offender or not, whether he was found to have had an aggravated role or not.

The court then went on to thoroughly discuss the section 3553(a) factors.   It focused heavily on Abbott's extensive criminal history, which includes at least half a dozen violent assaults and numerous drug offenses, along with approximately twenty less-serious offenses that run the gamut from burglary to public intoxication.   On this record, we conclude that any calculation error was harmless.   *See United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012).

Moving on to the remaining arguments, we are not persuaded that the district court relied on an unproven fact.   At the sentencing hearing, the court observed that Abbott was responsible for all the misdeeds of the roughly sixteen-month conspiracy, even though he only became a member "toward the end."   In justifying its conclusion, the court mentioned that Abbott knew of the ringleader's earlier efforts to distribute methamphetamine, a fact that Abbott claims was unproven.

Abbott's argument disregards the agreed-upon facts in the presentence investigation report.   About six months before joining the conspiracy, Abbott

entered into an agreement with the conspiracy's ringleader to jointly purchase a large quantity of methamphetamine. He also had previously sold drugs to several of his future co-conspirators. In light of these admissions, the court did not clearly err in suggesting that Abbott had knowledge of the conspiracy's preexisting criminal activity.[2] *See United States v. Dace*, 660 F.3d 1011, 1013–14 (8th Cir. 2011).

Nor is there any merit to Abbott's argument that his sentence is substantively unreasonable because his more culpable co-conspirators received shorter sentences than he did. A district court need not sentence members of a conspiracy based solely on their relative culpabilities. To the contrary, section 3553(a) recognizes that a sentence should account for "the history and characteristics of the defendant" and for the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C). To that end, the district court acknowledged the sentencing disparity between Abbott and his co-conspirators but made clear that "none of those men had the kind of history that we see here for violence." There was no abuse of discretion.

For these reasons, we affirm the judgment of the district court.

———————————————

---

[2]Abbott also claims that the district court placed undue weight on this fact. Nothing in the record supports this claim. Indeed, the court focused most of its attention on Abbott's substantial criminal history.

-4-