# United States Court of Appeals
### For the Eighth Circuit
_____

No. 19-2054
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon David Cuddihe

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 28, 2020
Filed: February 13, 2020
[Unpublished]
_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Brandon Cuddihe appeals after he pleaded guilty to child pornography offenses and the district court[1] imposed a below-Guidelines prison term. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Cuddihe's prison term is substantively unreasonable but that any review is foreclosed by the appeal waiver in the written plea agreement. Cuddihe has not filed a pro se supplemental brief.

After careful review, we decline to enforce the appeal waiver, as the record is insufficient to establish that Cuddihe knowingly and voluntarily entered into it. See United States v. Andis, 333 F.3d 886, 890–91 (8th Cir. 2003) (en banc); see also United States v. Boneshirt, 662 F.3d 509, 515–16 (8th Cir. 2011).[2] Nevertheless, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing substantive reasonableness); see also United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) (if defendant was sentenced below Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further). Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion for leave to withdraw, and we affirm.

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]In light of our ultimate disposition, we need not decide whether counsel's brief arguing to the contrary was inadequate under Anders. See Evans v. Clarke, 868 F.2d 267, 268–69 (8th Cir. 1989).