# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3248

———————————————

United States of America

*Petitioner - Appellee*

v.

Kevin Herring

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: April 15, 2020
Filed: April 28, 2020
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

In a superseding indictment, Kevin Herring was charged with, *inter alia*, one count of sexual exploitation of a child, *see* 18 U.S.C. §§ 2251(a), (e), and one count of receipt of child pornography, *see* 18 U.S.C. §§ 2252(a)(2), (b)(1). Herring

pleaded guilty to both counts. The district court[1] calculated a total offense level of 43 and a criminal history category VI. As applied to Herring, the two counts when combined carried a statutory maximum of fifty years' imprisonment, *see* §§ 2251(e), 2252(b)(1), so the sentencing guidelines recommendation was 600 months' imprisonment, *see* U.S.S.G. §§ 5G1.1(a), 5G1.2 cmt. n.3(B). The district court varied downward and sentenced Herring to 384 months' imprisonment. Herring appeals, challenging the substantive reasonableness of his sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Watters*, 947 F.3d 493, 496 (8th Cir. 2020). A "sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." *United States v. Luscombe*, 950 F.3d 1021, 1031 (8th Cir. 2020). It is an "unusual case" where "we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* And "[w]here, as here, a district court has varied below the Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (internal quotation marks omitted).

Herring argues that the district court should have varied downward further and abused its discretion by failing to consider a relevant factor that should have received significant weight—the assistance Herring provided law enforcement in finding his victim and getting her "safe and off of the street." During the sentencing hearing, the district court heard from both the Government and Herring's counsel about his assistance to law enforcement in locating his victim. Herring's counsel again raised this factor after the district court asked about any "other grounds . . . for a possible downward variance in this case." Before varying downward, the district

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

court commented that in "coming up with sentences that are appropriate," it had to "consider various factors in the federal sentencing statutes." It then recognized "some factors that are somewhat mitigating" in this case. And it noted all the "other issues" Herring raised as mitigating factors before specifically discussing the one it found to have "the most merit"—the fact that, in the circumstances of this case, "the guidelines overstate[d] the appropriate sentence."

We find no abuse of discretion here. A district court need not "specifically mention the mitigating factors" a defendant raises, *United States v. Nicholas*, 773 F. App'x 324, 326 (8th Cir. 2019) (per curiam), as we "do not require a mechanical recitation of the § 3553(a) factors at sentencing," *United States v. Diaz-Pellegaud*, 666 F.3d 492, 504 (8th Cir. 2012). Rather, "it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." *Id.* Where, as here, "the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." *See id.*; *cf. United States v. Torres-Ojeda*, 829 F.3d 1027, 1029 (8th Cir. 2016) ("As we have often said, a sentencing court need not specifically respond to every argument presented at sentencing."). In this case, the district court heard argument about the mitigating factor in question and recognized all the mitigating factors raised by Herring before focusing on one in support of its decision to vary downward by 216 months. On this record, where the district court already "[v]ar[ied] downward remarkably," we cannot say the district court abused "its substantial sentencing discretion by refusing to impose an even shorter sentence." *Torres-Ojeda*, 829 F.3d at 1030.

We affirm.

_____