# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3633
_____

United States of America

*Plaintiff - Appellee*

v.

William Left Hand

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: May 8, 2023
Filed: June 29, 2023
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

William Left Hand was convicted of abusive sexual contact and sentenced to 24 months' imprisonment, followed by 5 years' supervised release. After completing his term of imprisonment, his initial term of supervised release was revoked, and he was sentenced to 9 months' imprisonment and 36 months' supervised release. While serving his second term of supervised release, Left Hand

committed various violations, ultimately admitting to two—failing to participate in therapy and failing to notify his probation officer within 72 hours of being arrested. Left Hand then filed a pro se motion to withdraw his admissions. A magistrate judge held a hearing and recommended that the motion be denied, which the district court[1] adopted. Left Hand then filed a motion to represent himself, which the district court granted, followed by a motion to suppress and a motion for recusal, both of which the district court denied as "nonsensical and contain[ing] wholly irrelevant legal propositions." At sentencing, the district court calculated the United States Sentencing Guidelines range to be 3 to 9 months and varied upward to impose a sentence of 12 months' imprisonment and 36 months' supervised release. Left Hand appeals, arguing that the reasons for the sentence were not adequately explained and the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

"[W]e review the district court's revocation sentencing decision 'under the same "deferential-abuse-of-discretion" standard that applies to initial sentencing proceedings.'" United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (emphasis omitted) (citation omitted). Left Hand first asserts that the district court procedurally erred by failing to adequately explain the sentence. "In explaining the sentence[,] the district court need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. DeMarrias, 895 F.3d 570, 573 (8th Cir. 2018) (alterations in original) (citation omitted). Here, the district court heard argument from Left Hand and his standby counsel as well as the government. See United States v. Mays, 993 F.3d 607, 619 (8th Cir. 2021) ("[W]here, as here, 'issues are raised in sentencing position papers and at the sentencing hearing, a district court is presumed to consider them.'" (citation omitted)). Further, the district court reviewed and referenced Left Hand's history of noncompliance with conditions of supervised release. "[W]e have repeatedly stated

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

that variances are appropriate based on repeated violations of supervised release . . . ." United States v. Hall, 931 F.3d 694, 698 (8th Cir. 2019). Additionally, the district court presided over all of Left Hand's proceedings and was well aware of his history and violations of supervised release. See United States v. Torres-Ojeda, 829 F.3d 1027, 1029-30 (8th Cir. 2016) ("Sometimes a judicial [ruling] responds to every argument; sometimes it does not; sometimes a judge . . . rel[ies] upon context and the parties' prior arguments to make the reasons clear." (alterations in the original) (citations omitted)). Finally, the district court stated that in sentencing it was required to consider the factors set forth in 18 U.S.C. §§ 3553 and 3583. We conclude that the district court adequately explained the reasons for Left Hand's sentence.

Next, Left Hand asserts that the sentence imposed is substantively unreasonable. "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). While Left Hand argues that his most recent violations of supervised release were relatively minor, the district court acknowledged that it was considering the applicable statutory factors, had detailed knowledge of Left Hand's circumstances and history as presiding judge from the commencement of his prosecution, and focused on Left Hand's history of supervised release violations. From the foregoing, we find that the sentence in this case was substantively reasonable.

The judgment of the district court is affirmed.

_____