# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3100

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Weitzel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: April 8, 2024
Filed: May 21, 2024
[Unpublished]

_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After violating the conditions of supervised release, Michael Weitzel received a one-year prison sentence. He challenges the adequacy of the district court's[1] explanation and the substantive reasonableness of the sentence. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

First, the district court explained why it settled on one year. *See United States v. Vaughn*, 519 F.3d 802, 804 (8th Cir. 2008) (reviewing unobjected-to procedural sentencing errors for plain error). In its view, Weitzel's "criminal history points [did not] even capture all of his criminal behavior," and past treatment had not made him "clean and sober." It did not need to specifically address Weitzel's request for one day more, even if a slightly longer sentence would have given him an opportunity to earn good-time credits. *See United States v. Torres-Ojeda*, 829 F.3d 1027, 1029 (8th Cir. 2016) ("[A] sentencing court need not specifically respond to every argument presented at sentencing."); *see also* 18 U.S.C. § 3624(b)(1) (authorizing credit for "prisoner[s] . . . serving a term of imprisonment of more than 1 year").

Second, the sentence is substantively reasonable. *See United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (reviewing a revocation sentence for an abuse of discretion). The record shows that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on an improper factor or commit a clear error of judgment. *See Clark*, 998 F.3d at 369–70. If a 366-day sentence would have been reasonable, one day shorter is too. We accordingly affirm the judgment of the district court.

_____